**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE AMARAL,<br><br>            Plaintiff,<br><br>     vs.<br><br>WARDEN NORWOOD, et al.,<br><br>            Defendants. | CASE NO. CV 08-05752 VBF (RZ)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

The *pro se* and *in forma pauperis* Plaintiff, Mike Amaral, is a federal inmate currently housed in Colorado. He asserts in this *Bivens* action that, while he was housed in Adelanto, California, previously (although he does not allege just when), the defendant federal prison employees were deliberately indifferent to his serious left eye injury. As a result of their delayed and otherwise insufficient care, Plaintiff has suffered permanent blindness in that eye. Because of flaws in the complaint as discussed below, the Court will dismiss it. Because those flaws may be correctable, however, Plaintiff shall have leave to file an amended complaint, also as discussed below.

///
///
///
///

# I.

## COURT'S OBLIGATION TO SCREEN *IN FORMA PAUPERIS* CASES

The Court must screen all complaints, including Plaintiff's, brought *in forma pauperis*. *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*); 28 U.S.C. § 1915(e)(2) (screening of *in forma pauperis* actions generally). The law requires this Court to "dismiss the case if at any time it determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A "complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory"; otherwise, it is subject to dismissal for failure to state a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007) (repudiating prior rule whereby a "complaint may be dismissed for failure to state a claim [only] where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) (*quoting Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1141, 1155 (9th Cir. 1989) (emphasis in original). A *pro se* civil rights complaint must be construed liberally, *see Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), and generally the plaintiff must be given leave to amend his complaint, "unless it is absolutely clear that the deficiencies of the Complaint could not be cured by amendment." *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980) (*per curiam*). A dismissal with leave to amend is a non-dispositive matter within the purview of a Magistrate Judge. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

///
///
///
///

## II.

## FEDERAL SOVEREIGN IMMUNITY FROM *BIVENS* DAMAGES

"The United States, as a sovereign,"

is immune from suit unless it has waived its immunity. *See Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 . . . (1999); *U. S. v. Mitchell*, 445 U.S. 535, 538 . . . (1980). A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim. *See McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *U.S. v. Mottaz*, 476 U.S. 834, 841 . . . (1986) (citing *U.S. v. Sherwood*, 312 U.S. 584, 586 . . . (1941)). In sovereign immunity analysis, *any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States*. *See Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir.2001).

*Balser v. Dep't of Justice*, 327 F.3d 903, 907 (9th Cir. 2003) (emphasis added). The United States has not waived its sovereign immunity in *Bivens* actions seeking money damages. *See Cato v. United States*, 70 F.3d 1103, 1110-11 (9th Cir. 1995). Indeed, *Bivens* actions' only valid targets are individual federal agents sued in their individual capacities. *See Vacarro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996).

Here, Plaintiff sues several federal prison employees and the United States itself solely for monetary damages. (Although he also seeks damages from the individual defendants in their *individual* capacity, which is permissible, he also targets the individual defendants in their *official* capacity, which is not permissible.) In any amended complaint,

Plaintiff must either (1) omit the United States and any official-capacity allegations against individuals, if he wishes to seek monetary relief, or (2) omit his prayer for monetary relief in favor of some other form of relief.

## III.
## CONCLUSION

Based on the foregoing, the Complaint hereby is DISMISSED, and leave to amend is granted. More specifically, Plaintiff has three options:

(1) **Plaintiff may pursue this action further** by filing an original and one copy of a pleading captioned as his First Amended Complaint (1AC), bearing the current case number, within 30 days of the filing date of this Order. To withstand another dismissal, the 1AC must correct the deficiencies identified in this Order and must comply with the Federal Rules of Civil Procedure and this Court's Local Rules. The 1AC must be complete in itself and must not refer to any prior version of the complaint.

(2) **Plaintiff may file a "Notice of Intent Not to Amend Complaint" within 30 days** of the filing date of this Order. If Plaintiff timely files such a Notice, then the undersigned will recommend to the assigned District Judge that this action be dismissed, freeing Plaintiff to appeal the dismissal on the grounds cited above. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063-66 (9th Cir. 2004).

(3) **Plaintiff may do nothing** in response to this Order. If Plaintiff does not file a document pursuant to either option 1 or 2 above within the 30-day deadline, then the Court shall deem him to have consented to dismissal of this action for failure to prosecute and for failure to comply with this Order. *See id*.

///
///
///
///

**The Court cautions Plaintiff that if he fails to file a timely amended complaint or otherwise fails to comply substantially with the terms of this Order, then this action may be dismissed.**

IT IS SO ORDERED.

DATED: October 20, 2008

                                   RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE